Honorable Thomas S. Zilly

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>                    Plaintiff,<br>    v.<br>LA MEXICANA, INC.,<br>                    Defendant.<br>LAURA CIGARROA,<br>         Plaintiff in Intervention,<br>    v.<br>LA MEXICANA, INC.; ALBERT NEAL WALDEN, individually and the marital community thereof with JANE DOE WALDEN,<br>        Defendants in Intervention.<br>NEAL WALDEN,<br>        Counterclaim Plaintiff,<br>    v.<br>LAURA CIGARROA,<br>        Counterclaim Defendant. | No. CV6-1359Z<br><br>**DEFENDANTS' MOTION FOR BIFURCATION AT TRIAL OF LIABILITY AND DAMAGES FROM INJUNCTIVE RELIEF**<br><br>**Note for Motion: November 16, 2007** |

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 1
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## I. INTRODUCTION

This is an employment discrimination case in which Plaintiffs EEOC and Laura Cigarroa allege Neal Walden and La Mexicana harassed and retaliated against her. Plaintiffs demand compensatory, emotional and punitive damages as well as injunctive relief. Defendants La Mexicana and Walden deny these claims, and specifically, deny that the underlying allegations on which Plaintiffs base their claims occurred. Defendants move this Court for an order separating the case into two separate phases: a liability and monetary damages phase and an injunctive relief phase. This motion is justified because only the Court will decide injunctive relief issues and the testimony and witnesses relevant to those issues can easily be segregated and presented after the jury decides liability.

In this case, phasing the trial will: (1) promote judicial economy and efficiency; (2) promote the convenience of witnesses; (3) promote the ends of justice by avoiding the potential prejudice to Defendants, and (4) reduce the risk that the jury will be unfairly prejudiced or confused by the issues.

## II. SUMMARY OF FACTS

La Mexicana hired Plaintiff Laura Cigarroa on November 3, 1999. Neal Walden eventually became Cigarroa's supervisor. On February 15, 2006, Cigarroa and Walden got in a heated disagreement where Cigarroa made several hurtful and offensive comments to Walden, including that he was a racist. Near the end of that discussion, Walden told Cigarroa that she may want to consider looking for another place to work if she felt that way. The next day, Cigarroa apologized for her comments. Two work days later, Plaintiff alleged to supervisor Sergio Olivares that Walden had been sexually harassing her for several years. During this meeting, Olivares contacted Bill Fry, La Mexicana's General Manager, and arranged for the Fry, Olivares and Cigarroa to meet the next day.

On February 21, 2006, Fry and Olivares met with Cigarroa for approximately two hours. Olivares translated, as needed, during that meeting. Cigarroa alleged that Walden had been

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 2
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

sexually harassing her for two years. Fry asked Cigarroa to describe her allegations and identify any potential witnesses.

During the next two days, Fry interviewed Walden and all of the employees Cigarroa identified as potential witnesses. Walden denied any wrongdoing, and the other employees informed Fry that they had never witnessed Walden engage in any harassing conduct. Fry could not corroborate any of Cigarroa's allegations.

On March 10, 2006, Cigarroa filed a charge with the EEOC alleging sex discrimination and retaliation. The EEOC investigated and also found no corroboration. However, based on Cigarroa's allegations and the EEOC's credibility determination in Cigarroa's favor, the EEOC found reasonable cause for sex discrimination, but not for retaliation. On September 21, 2006, the EEOC filed a Complaint alleging sexual harassment in violation of Title VII. The EEOC Complaint seeks monetary damages and a "permanent injunction enjoining defendant . . . from engaging in employment practices which discriminate on the basis of sex."[1] The EEOC also requested that the Court "order defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicates the effects of its unlawful employment practices past and present."[2] This request is based on the EEOC contention that Defendant La Mexicana's investigation, policies, and training are insufficient to prevent harassment in the workplace.

Defendant La Mexicana filed its Answer on December 14, 2006, and asserted the *Faragher/Ellerth* defense. When the parties filed their Joint Status Report, all agreed that bifurcation was not necessary. During final preparations before trial, Defendant La Mexicana withdrew its *Faragher/Ellerth* defense. The need for bifurcation only became apparent after all discovery was completed and Defendant La Mexicana had withdrawn this defense.

---

[1] See Plaintiff's Complaint.
[2] See Plaintiff's Complaint.

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 3
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

### III. ARGUMENT

Defendants estimate that this case will take five to seven days to try. Defendants believe at least two days of the trial will deal with issues such as training, EEO policies, practices regarding investigations and other policies and practices for which the EEOC seeks injunctive relief. As La Mexicana has now waived its *Faragher/Ellerth* defense, most testimony related to these issues is relevant only to the injunctive relief sought by the EEOC.

Defendants request that the first phase of the trial be limited to liability and monetary damages. If Plaintiffs obtain a successful jury verdict, the Court could then hear additional testimony needed to determine the extent of injunctive relief, if any. Such testimony would likely be limited to additional testimony from La Mexicana managers and supervisors, including Bill Fry, Keith Bloxham, Sandra Bloxham, Romaun Hayes and others. Three of these witnesses have no personal knowledge as to the allegations made by Cigarroa. These four would not need to testify in the first phase of the trial, were the order granted.

Based upon the pretrial statement, it appears Plaintiffs will not seek to focus this trial on the legal issue at hand: whether there was severe or pervasive sexual harassment. Instead, Plaintiffs want to put La Mexicana's policies, procedures, training and investigation on trial. Plaintiffs should not be allowed to obfuscate the issue before the jury. The issue the jury must decide is relatively simple: whether Walden or Cigarroa is telling the truth. Phasing the trial will allow the jury to keep it simple. Additionally, trying the liability and damages question first may save two valuable days of this Court's time if the jury finds for Defendants and the Court concurs in that verdict.

**A. This Court has the authority to try the cases in phases separating the Plaintiffs' legal issues and monetary damages from the EEOC's request for injunctive relief.**

While Defendants are seeking only one trial that is divided into two phases, the rules related to bifurcation are most closely applicable. Federal Rules of Civil Procedure, Rule 42(b) provides, "[t]he court in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 4
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

issue . . ." This rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005); *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). As is stated in *Wright & Miller*, "Rule 42(b) provides the district court with discretion to subdivide the case in whatever manner seems dictated by the circumstances." Wright & Miller, 9 Federal Practice and Procedure § 2389 (2d ed. 1995). A ruling that orders bifurcation is appropriate if the ruling "serves the interests of judicial economy or is done to prevent prejudice to a party" and "does not violate the 7th Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

Courts within the Ninth Circuit have bifurcated liability from damages, and Rule 42(b) gives courts the authority to separate trials into liability and damages phases. *See M2 Software*, 421 F.3d at 1088; *Ortega v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998); *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1119 (9th Cir. 1994); *Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977).

However, courts also bifurcate liability and monetary damages from equitable remedies when the legal and equitable issues are distinct. *See e.g., Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001); *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165 (9th Cir. 1989). In the case of bifurcation of legal and equitable issues, the legal issues are tried first before a jury and then the equitable issues are tried later before the judge. *Dollar Systems, Inc.* at 170. An injunction is an equitable remedy, for which no right to a jury exists, so injunctions are generally tried before judges and not juries. *Id.* Similarly, in this case, the EEOC claim for injunctive relief is more appropriately considered at a bench trial, rather than a jury trial. *See, e.g., Equal Employment Opportunity Comm. v. W&O, Inc.*, 213 F. 3d 600, 618-19 (11th Cir. 2000) (equitable claims are decided by court in Title VII actions.)

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 5
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**B.  A phased trial will expedite the hearing of the case and promote judicial economy.**

In the present matter, the Court can promote judicial economy by trying liability and monetary damages issues separate from the injunctive relief sought by the EEOC. Plaintiffs will likely attempt to present testimony and evidence regarding the adequacy of La Mexicana's investigation, policies, and training during trial. Since La Mexicana abandoned its *Faragher/Ellerth* affirmative defense and will defend the claim solely on the basis that the events complained of did not occur, most of this testimony is relevant only to the claim for injunctive relief.

However, if Plaintiffs raise this testimony and evidence during the liability and damages phase of the trial, La Mexicana would have no choice but to present rebuttal testimony. This will waste the jury's time. While this evidence is necessary for the Court to determine what, if any, injunctive relief might be appropriate in the case, it has little to do with liability or damages. In this respect, it is clear that the jury's and Court's time would be saved if the trial is bifurcated to determine liability and monetary damages separate from injunctive relief. Furthermore, if the jury finds that Defendant La Mexicana is not liable, the foregoing evidence need not be considered by the judge in the injunctive relief phase, thus significantly expediting the proceedings. If, however, the jury finds La Mexicana liable, Defendants will be ready to try the second phase of the trial immediately following the first phase.

**C.  A bifurcated trial will further the convenience of the Court and the parties.**

Separating the issues of liability and monetary damages from the injunctive relief will be more convenient than trying all of the issues together. Any witness the parties identify solely to testify about the sufficiency of Defendant La Mexicana's investigation, policies, or training will only need to testify at the bench trial regarding injunctive relief. As a result, these witnesses will spend less time at trial, making their participation more convenient. Furthermore, bifurcation will be more convenient for all involved because it will essentially create two smaller trials, rather than one long trial. The jury will not be required for the extra days of trial. Additionally,

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 6
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

if the matter is bifurcated, the Court will hear all the evidence pertinent to injunctive relief together and in context of the other injunctive relief evidence, which will make deciding the injunctive relief claims more convenient to the Court.

    D.    **Justice will be better served because Defendant La Mexicana will not be unnecessarily prejudiced.**

The issues appropriately before this Court are (1) whether Walden sexually harassed Cigarroa, (2) whether La Mexicana retaliated against Cigarroa, and (3) whether Cigarroa defamed Neal Walden. Because La Mexicana abandoned its *Faragher/Ellerth* affirmative defense, it would be prejudicial to La Mexicana to try the injunctive relief remedy with the issues of liability and monetary damages. Plaintiffs will unnecessarily present evidence and testimony of the sufficiency of La Mexicana's investigation, policies, and training, which is only relevant to the requested injunctive relief. Such evidence and testimony would likely prejudice the jury regarding the fundamental issue of liability. For example, it is clear that Plaintiffs intend to criticize La Mexicana based upon their view that La Mexicana's policies and the investigation were inadequate. This evidence does not make Cigarroa's allegations more or less likely to be true.

During the course of depositions, the EEOC attacked defense witnesses regarding the policies, training and investigation of La Mexicana. For example, the EEOC asked Keith Bloxham:

> Q    As an owner of this company of over 80 employees, do you think it is important that your workforce be properly trained in case they are encountering any problems with regards to discrimination or harassment?[3]
>
> . . .
>
> Q    Did you take any steps to ensure that they would be properly trained on annual or semi-annual or every two years basis?[4]
>
> . . .
>
> Q    Did you ever check in with Mr. Fry to make sure that he was making sure that trainings were taking place and being scheduled?[5]

---

[3] Deposition of Keith Bloxham ("Bloxham Dep.") 31:1-5, attached to Declaration of Laurie Johnston in Support of Defendants' Motion for Bifurcation at Trial of Liability and Damages from Injunctive Relief.
[4] Bloxham Dep. 31:7-9.
[5] Bloxham Dep. 31:11-13.

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 7
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

. . .

Q    If he only talked to these three company supervisors, does that concern you, that he didn't include any co-workers or other females in the investigation?[6]

. . .

Q    So are you saying that when an investigation is conducted, you only investigate according to the dictates of the person making the allegations?[7]

. . .

Q    So if Mr. Fry only spoke to three supervisors besides the alleged victim and alleged harasser, does that appear to be a balanced investigation, in your eyes?[8]

. . .

Q    Would it concern you he didn't talk to other women or co-workers in the investigation?[9]

. . .

Q    If he only talked to three company supervisors - - no co-workers and no other women - - does that help you feel confident that it was a complete investigation?[10]

These were only a fraction of the questions the EEOC asked just one witness about the investigation performed by La Mexicana. None of these go to the weight of Ms. Cigarroa's Complaint as to whether she suffered severe or pervasive sexual harassment. Instead, allowing evidence on these peripheral issues related to the investigation serves no purpose except to confuse the issues for the jury and prejudice Defendants' ability to focus the jury's attention on the actual issues in the case. Therefore, to prevent prejudice against Defendant La Mexicana, this matter should be bifurcated.

Likewise, as to injunctive relief, La Mexicana would present to this Court evidence of the steps taken to improve its prior policies. While this is appropriate evidence for the Court to hear on the injunctive issues, it also represents evidence of subsequent remedial measures. Evidence of those measures to establish liability is precluded based upon FRE 407. *See e.g. Ford v. Schmidt*, 577 F.2d 408 (7th Cir. 1977) (in considering injunctive remedy and based on FRE 407, the Court excluded proof that a prison changed its policies, as it could have been used to attempt

---

[6]    Bloxham Dep. 34:3-6.
[7]    Bloxham Dep. 34:17-19.
[8]    Bloxham Dep. 35:3-6.
[9]    Bloxham Dep. 35:11-12.
[10]   Bloxham Dep. 35:17-20.

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 8
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

to prove culpable conduct on their part); *Peck v Hudson City Sch. Dist.* 100 F Supp 2d 118 (2000, ND NY) (sexual harassment plaintiff may not introduce evidence that defendant changed its policy and expanded its policy, "because Rule 407 provides that when 'measures are taken that, if taken previously, would have made injury or harm less likely to occur,' evidence of such subsequent measures is not admissible to prove negligence or culpable conduct"). A limiting instruction that the jury should not consider that evidence, and that it is only presented for matters being heard by the Court, will be inadequate to avoid the inference Plaintiffs seek to create explicitly or implicitly: that La Mexicana should have changed its policies earlier, and because it did not, is a bad corporate citizen, all of which somehow makes Cigarroa's allegations more likely. This reasoning is flawed from both an evidentiary and a logical standpoint.

### E. A bifurcated trial will simplify the issues for the jury and reduce the danger of necessary confusion.

The Ninth Circuit has held that bifurcation is appropriate when it "simplified the issues for the jury" and reduced "the danger of unnecessary jury confusion." *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Phasing this trial will simplify the issues for the jury and prevent confusion. Phasing this trial will clearly place the underlying issues of liability and monetary damages before the jury. The evidence and testimony presented during this phase of the trial would only be related to these issues. If the case is not bifurcated, the jury will also be inundated with testimony regarding policies, practices, training and the investigation that bear no relevance to the decisions they must make: whether Walden subjected Cigarroa to severe or pervasive sexual harassment, or whether Cigarroa defamed Walden with her false, malicious allegations of harassment.

Questions such as when the first policy was developed, when it was posted, where it was posted, how it was developed, who the Company trained on it and when all are irrelevant now that Defendants are not asserting a *Faragher/Ellerth* affirmative defense. Evidence regarding, La Mexicana's new policy and its development over time, the four anti-harassment trainings La Mexicana has held since Cigarroa's complaint, the postings in Spanish, the subsequent trainings

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 9
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

in Spanish, and the appropriateness and adequacy of La Mexicana's investigation of Cigarroa's complaints are relevant only to injunctive relief.

Based on prior arguments and questioning at deposition, Plaintiffs will argue the investigation was ineffective and inadequate and that there was inadequate workplace policies and training. Requiring the jury to consider this additional testimony will confuse the underlying issue of liability. To prevent such confusion, this Court should phase this trial.

### F. These issues are clearly separable and should be phased.

Courts have held that bifurcation is improper if the issues are not separable. *See e.g., Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964-965 (10th Cir. 1993). The issue of liability and monetary damages is not interwoven with the injunctive relief. While there is some minor overlap, the testimony related to these issues will be significantly different. Although *some* of the same witnesses may testify in both phases, the issues and testimony are different. The first phase would focus only on whether Cigarroa was sexually harassed and retaliated against and, if so, what damages Cigarroa suffered as a result or, in the alternative, whether Neal Walden was defamed, and his damages. The second phase, on the other hand, would concentrate on whether injunctive relief is appropriate. The testimony related to the second phase, the sufficiency of La Mexicana's investigation, policies, and training, is irrelevant to the first phase and should only be discussed with respect to the need for injunctive relief. Therefore, these issues are clearly separable and should be phased.

### IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court enter an order bifurcating this trial into two phases. During the first phase of the trial, the jury should consider the issues of liability and monetary damages. During the second part of the trial, the Court alone should determine whether injunctive relief is appropriate. These issues are clearly separate and appropriate for bifurcation.

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 10
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1  By granting this motion, the Court will (1) promote judicial economy and efficiency, (2)
2  promote the convenience of witnesses, (3) promote the ends of justice by avoiding the potential
3  prejudice to Defendants, and (4) reduce the risk that the jury will be confused by the issues.
4  DATED this _____ day of November, 2007.

JACKSON LEWIS LLP

By: *Barry Alan Johnsrud*
    Barry Alan Johnsrud, WSBA #21952
    Laurie L. Johnston, WSBA #25927
    Attorneys for Defendants
    One Union Square
    600 University Street, Suite 2900
    Seattle, WA 98101
    Telephone:  206-405-0404
    Fax:  206-405-4450
    E-mail:  johnstonl@jacksonlewis.com
    johnsrudb@jacksonlewis.com

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 11
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorney for Plaintiff EEOC:**
Carmen Flores
Lisa Ann Cox
Equal Employment Opportunity Commission
Seattle District Office
909 First Avenue, Suite 400
Seattle, WA 98104

**Attorney for Plaintiff in Intervention, Laura Cigarroa:**
Georgia T. Locher
Attorney at Law
237 S.W. 153rd Street
Burien, WA 98166

Dated this _1st_ day of November, 2007, at Seattle, Washington.

_____
Andrea W. Preston

DEFENDANTS' MOTION FOR BIFURCATION
AT TRIAL OF LIABILITY & DAMAGES
FROM INJUNCTIVE RELIEF - 12
(CV6-1359Z)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404